UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOUTHFIELD EDUCATION ASSOCIATION,

        Plaintiff,

vs.
        Case No.12-cv-11030
        HON. GERSHWIN A. DRAIN

SOUTHFIELD BOARD OF EDUCATION,

        Defendant.

_____/

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#8] AND CANCELLING
APRIL 22, 2013 HEARING

I.  INTRODUCTION

This lawsuit arises out of Defendant not recalling 23 previously tenured teachers that are represented by Plaintiff.  Plaintiff contends that the teachers had a property interest in their positions and that this interest was deprived without due process.  This claim is currently before the Court on Defendant's FED. R. CIV. P. 12(b)(6) Motion to Dismiss, and/or for Summary Judgment pursuant to FED. R. CIV. P. 56(c).  Upon review of the Complaint, Motion to Dismiss, and Response in Opposition, the Court concludes that oral argument will not aid in the resolution of this matter.  Accordingly, the Court will resolve the pending motion on the briefs and cancels the hearing scheduled for April 22, 2013.  *See* E.D. Mich. L.R. 7.1(f)(2).  Although Plaintiff's response to the Motion to Dismiss was dilatory, for the

reasons stated below, the Court will allow it. Furthermore, the Defendant's Motion to Dismiss is GRANTED. This Opinion and Order sets forth the Court's ruling.

## II.  FACTUAL BACKGROUND

Plaintiff Southfield Education Association is the sole and exclusive collective bargaining representative for all teaching personnel employed by Defendant Southfield Board of Education. In this capacity Plaintiff represents 23 teachers who were laid off during the 2010-2011 academic school year. The teachers were available for recall during the Summer and Fall of 2010. Defendant posted open teaching positions in the Summer and Fall of 2011. The teachers applied for these positions, but Defendant hired new applicants instead of recalling the teachers.

On January 31, 2012, Plaintiff filed a Complaint in Oakland County Circuit Court on behalf of the teachers that alleged Defendant violated its own recall standards by hiring new applicants instead of recalling the teachers. The Complaint contained two counts. Count I alleged that Defendant violated the Public Employees Relations Act. Count II alleged that Defendant violated Article 1, Section 17 ("the due process clause") of the Michigan Constitution. The basis of Count II was that the teachers had a property right in their previous positions and Defendant deprived them of their property right without due process by failing to recall the teachers. On April 5, 2012, Plaintiff filed their First Amended Complaint, which changed Count I to a breach of contract claim, added the names of the 23 individual Plaintiffs, and added to Count II that the conduct of Defendant resulted in separation of employment entirely for some of the teachers.

Defendant filed for Summary Disposition in the state court action. Judge James Alexander of the Oakland County Circuit Court issued an "Opinion and Order Re: Motion for Summary Disposition" in the state court action on June 6, 2012 granting Defendant's Motion for Summary Disposition for Failure to State a Claim as to Plaintiffs' First Amendment Complaint. This order stated that Defendant was, "entitled to summary disposition of Plaintiffs' breach of contract and due process claims as a matter of law." (Def.'s Ex. 4, at 3). Rather than dismiss the claim entirely, Judge Alexander allowed Plaintiffs to amend their Complaint. On June 13, 2012, Plaintiffs filed a Second Amended Complaint that deleted references to the due process rights of the tenured teachers and the Michigan Constitution.

On March 7, 2012, Plaintiff filed a Complaint Claim of Unconstitutionality in this Court alleging that Defendant violated Section 1 of the Fourteenth Amendment ("the due process clause") of the United States Constitution. The underlying conduct complained of by Plaintiff is the same as that in Count II of the First Amended Complaint filed in the state court action. The only difference between the two claims is that the claim before the state court was based on the Michigan Constitution whereas the claim before this Court is based on the United States Constitution. On December 18, 2012, Defendant moved to dismiss the case under FED. R. CIV. P. 12(b)(6), or, in the alternative, under FED. R. CIV. P. 56(c). For the reasons stated below, Defendant's Motion is GRANTED.

III. ANALYSIS

A. Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer

4

possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

### B.  Plaintiff's Motion to Enlarge Time to File Response

Plaintiff has demonstrated good cause to extend the time to respond to Defendant's Motion to Dismiss.  Plaintiff's Motion is therefore GRANTED.

### C.  Defendant's Motion to Dismiss

Defendant asserts that the state court judgment bars Plaintiff's Complaint in this Court through either collateral estoppel or res judicata.  Since these are two distinct legal theories, they will be analyzed separately.  There are some relevant principles that are applicable to both legal theories.  "A state court judgment must be given the same preclusive effect in federal court that it would be given in the courts of the rendering state." *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 197 (6th Cir. 1987) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984)).  Further, "[w]hen deciding whether to afford preclusive effect to a state court judgment, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to give the prior adjudication the same preclusive effect it would have under the law of the state whose court issued the judgment." *Stemler v. Florence,* 350 F.3d 578, 586 (6th Cir. 2003) (citing *Migra*, 465 U.S. at 81).  Thus, Michigan law determines the preclusive effect of the state court action.

Collateral estoppel, "bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment

5

and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v. Orion Twp.*, 269 Mich. App. 527, 530 (2006). In Michigan, collateral estoppel arises when: "(1) the subject matter of the second action [is] the same; (2) the parties or their privies [are] the same; and (3) the prior judgment [was] on the merits." *RADS, P.C. v. Mercy Mem'l Hosp.*, 3 F. Supp. 2d 772, 774 (E.D. Mich. 1998) *aff'd sub nom. Rads v. Mercy Mem'l Hosp.*, 187 F.3d 637 (6th Cir. 1999).

      The subject matter of this claim is the same as that in the state court action. In the state court action Plaintiff claimed that Defendant violated the due process clause of the Michigan Constitution by depriving the teachers of their property interest in their former positions without due process. The alleged deprivation occurred when Defendant hired outside applicants for teaching positions as opposed to recalling the teachers.

      Plaintiff's claim before this Court is based on the same underlying facts of the state court action. The only difference is that the present action is based on the United States Constitution as opposed to the Michigan Constitution. This difference is immaterial as they are essentially the same claims. The language of the Michigan and federal due process clauses are identical. *See* U.S. CONST. amend. XIV, § 1; MICH. CONST. art. I, § 17. "The due process protections afforded by the Michigan Constitution are co-extensive with those afforded under the United States Constitution." *Wilson v. City of Kalamazoo*, 127 F. Supp. 2d 855, 864 (W.D. Mich. 2000). Finally, the Sixth Circuit has held that the analysis under the Michigan due process clause and the United States due process clause are essentially the same. *See Borman's, Inc. v. Michigan Property & Casualty Guaranty Ass'n*, 925 F.2d 160, 162 n. 1 (6th Cir. 1991). Thus, there is no meaningful difference between the two claims.

The second factor is satisfied as the parties in this action are the same as in the state court action.  While the individual teachers are not named plaintiffs in this action, the Association is acting as the teachers' representative in both actions, which assures that all the teachers are duly represented.  The third requirement, however, has not been met.  "A decision is final when all appeals have been exhausted or when the time available for an appeal has passed." *Leahy*, 269 Mich. App., at 530.  As Defendant concedes, Plaintiff may still appeal the ruling of the state court.  The state court action is not yet final for collateral estoppel purposes, thus it would be premature to grant preclusive effect to the state court ruling.

Defendant also argues that Plaintiff's Complaint is barred by res judicata.  A second action is barred by res judicata when the action is between the same parties and it concerns identical facts.  *Dart v. Dart*, 460 Mich. 573, 586 (1999).  Res judicata is appropriate, "when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies."  *Id*.  Some courts have also imposed the further requirement that a decision be final.  *See, e.g., Richards v. Tibaldi*, 272 Mich. App. 522, 531 (2006).  "The burden of establishing the applicability of res judicata is on the party asserting the doctrine."  *Id*.  Finally, Michigan courts have adopted the broad approach to res judicata, which means that all claims arising from the same transaction that could have been raised, but were not, are barred.  *Dart*, 360 Mich. at 586.

The first action was decided on the merits.  Judge Alexander entered an order granting summary disposition in favor of Defendant on Plaintiff's breach of contract and due process claims.  (Def.'s Ex. 4, at 3).  "A grant of summary judgment is considered a

determination on the merits." *Franklin v. City of Pontiac*, 887 F. Supp. 978, 983 (E.D. Mich. 1995). Unlike in the collateral estoppel analysis, the state court action is deemed final for res judicata purposes. "The rule in Michigan is that a judgment pending on appeal is deemed Res judicata." *City of Troy Bldg. Inspector v. Hershberger*, 27 Mich. App. 123, 127 (1970). Thus, even if Plaintiff appealed the state court ruling, the decision is still considered final.

The present claim clearly could have been resolved in the state court action. The operative facts of the present claim are identical to the state court action. The United States due process clause claim is essentially the same as the Michigan claim. Also, the parties to both actions are the same. Plaintiff clearly had a full opportunity to litigate the United States due process clause claim in the state court action, but failed to do so. The only argument advanced by Plaintiff against the charge of res judicata is that the current action only involves a United States Constitution claim. Plaintiff's argument suggests that the state court action was not an appropriate venue to adjudicate its federal claim. This type of reasoning was rejected in *Migra*, which ruled that a plaintiff's section 1983 claim was precluded by an earlier state court action where plaintiff could have raised their claim but failed to do so. *Migra*, 465 U.S. at 84. If state court decisions have preclusive effect on section 1983 claims that were not raised in a previous state court action, then Plaintiff's federal due process claim is likewise precluded by Judge Alexander's June 6, 2012 decision finding that Defendant was entitled to judgment as a matter of law on Plaintiff's due process claim.

The only other argument offered by Plaintiff is that the granting of this Motion is premature since discovery has not begun. This argument is moot since Plaintiff's claims

are barred by res judicata.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [#8] is GRANTED.

SO ORDERED.

Dated: April 9, 2013                                       /s/Gershwin  A Drain
                                                          GERSHWIN A. DRAIN
                                                          United States District Court Judge